## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4060** |
| **DARRYL VANNOY, WARDEN** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.   *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.      Factual and Procedural Background

The petitioner, Claude Collins ("Collins"), is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]   On May 19, 2014, Collins was charged by Bill of Information in Tangipahoa Parish as a felon in possession of weapon, for possession with intent to distribute marijuana, and for monetary instrument abuse.[3]   Collins initially entered a plea of not guilty to the charges on May 27, 2014.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered through due diligence, or the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 11.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 5/19/14.

[4]St. Rec. Vol. 1 of 1, Minute Entry, 5/27/14.

Pursuant to a plea agreement, on September 8, 2014, the State entered a *nolle prosequi* as to count one, felon in possession of a weapon, and agreed not to pursue a multiple offender bill against Collins.[5]   Collins thereafter changed his pleas to the remaining charges to that of *nolo contendere*, or no contest.   After waiver of legal delays, the Court sentenced Collins to concurrent terms of ten years in prison at hard labor on each of count of possession with intent to distribute marijuana and monetary instrument abuse.

Collins's convictions and sentences became final thirty (30) days later, on October 8, 2014, because he did not seek reconsideration of the sentences or move for leave to appeal.   La. Code Crim. P. art. 914;[6] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

In the meantime, on September 30, 2014, Collins signed and submitted a motion to amend, modify, or reconsider his sentence based on his good behavior and family hardship.[7]   The state trial court denied the motion without stated reasons on October 8, 2014.[8]   Collins did not seek review of this order.

---

[5]St. Rec. Vol. 1 of 1, Sentencing Minutes, 9/8/14; Plea Transcript, 9/8/14.

[6]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).   Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[7]St. Rec. Vol. 1 of 1, Motion for Amendment, Modification, or Reconsideration of Sentence, 10/1/14 (dated 9/30/14).

[8]St. Rec. Vol. 1 of 1, Trial Court Order, 10/8/14.

That same day, October 8, 2014, Collins signed and submitted a motion to withdraw his guilty pleas and to amend his sentences.[9]   The state trial court denied the motion on October 20, 2014, because the motion was without legal basis.[10]   Collins did not seek review of this order.

On October 16, 2014, Collins also submitted a motion seeking to amend his sentence to a suspended sentence based on lack of evidence.[11]   The state trial court denied the motion without stated reasons on October 22, 2014.[12]   Collins did not seek review of this order.

Collins submitted another motion to reconsider his sentence on November 3, 2014, which the state trial court also denied without stated reasons on November 14, 2014.[13]   Collins did not seek review of this order.

Undaunted, Collins submitted another motion to reconsider his sentence on January 27, 2015.[14]   The state trial court denied the motion without stated reasons on February 3, 2015.[15]   Again, Collins did not seek review of this ruling.

Collins later submitted a motion seeking issuance of a writ of habeas corpus on March 30, 2015, seeking to have his sentence reduced.[16]   The state trial court denied the motion on April 13,

---

[9]St. Rec. Vol. 1 of 1, Motion to Withdraw Plea, 10/9/14 (dated 10/8/14).

[10]St. Rec. Vol. 1 of 1, Trial Court Order, 10/20/14.

[11]St. Rec. Vol. 1 of 1, Motion to Amend Sentence, 10/21/14 (dated 10/16/14).

[12]St. Rec. Vol. 1 of 1, Trial Court Order, 10/22/14.

[13]St. Rec. Vol. 1 of 1, Motion to Reconsider (with incorporated motion for transcripts), 11/5/14 (dated 11/3/14); Trial Court Order, 10/22/14.

[14]St. Rec. Vol. 1 of 1, Motion to Reconsider, 2/2/15 (dated 1/27/15).

[15]St. Rec. Vol. 1 of 1, Trial Court Order, 2/3/15.

[16]St. Rec. Vol. 1 of 1, Motion for Habeas Corpus, dated 3/30/15.

2015, stating that this was not a habeas corpus proceeding because Collins knew the basis of his custody.[17]   Collins did not seek review of this ruling.

## II.   Federal Petition

On September 2, 2015, the Clerk of Court filed Collins's federal petition for habeas corpus relief in which he asserted, under a broad reading, that he was denied due process and equal protection when the state trial court used a defective bill of information.[18]

The State filed a response in opposition to Collins's petition conceding that it was timely filed.[19]   The State argues, however, that Collins failed to exhaust state court remedies because he has not asserted this issue in any Louisiana state courts.   The State further asserts that Collins's claim is in procedural default because state law would not allow him to raise the claim to an appellate court without first raising it in the state trial court in a pretrial motion to quash.

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[20] applies to this petition, which is deemed filed in this court by Collins under the federal mailbox rule on August 31, 2015.[21]   The threshold questions on habeas review under

---

[17]St. Rec. Vol. 1 of 1, Trial Court Order, 4/13/15.

[18]Rec. Doc. No. 1.

[19]Rec. Doc. No. 9.

[20]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254 as applied to habeas petitions filed after its signing date of April 24, 1996.   *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).   The AEDPA does not specify an effective date for its non-capital habeas corpus amendments.   Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court officially filed Collins's federal habeas petition on September 28, 2015, when the filing fee was paid.   Collins dated his

the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."   *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes and the record reflects that Collins's federal petition was timely filed under the AEDPA.   As indicated above, however, the State argues that Collins did not properly exhaust his claim in the state courts.   The State further alleges that Collins's claim is in procedural default.   However, because no state court has had the opportunity to review Collins's claims, there has been no state imposed procedural default for this Court to consider or give deference.   That defense must be rejected on the current record.   For the following reasons, however, the record confirms that Collins did not exhaust state court review of his claim raised in this federal petition for the first time.

## IV.   <u>Exhaustion Doctrine</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."   *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.   "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."   *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner.   *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).   "State prisoners must

---

signature on the form petition on August 31, 2015.   Rec. Doc. No. 1, p. 15.   This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to the Court.

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  *Id.*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court, and vice versa.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id.*, 541 U.S. at 32.

In this case, the State argues that Collins has not exhausted available state court remedies in a procedurally proper manner with respect to his due process and equal protection challenges to the bill of information by which he was charged.  Collins has not raised this issue in any of his motions to the state trial court seeking reconsideration of his sentence.  In fact, the record establishes that Collins has not presented any challenge to his conviction or sentence to the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court to complete exhaustion of any issue arising from his conviction or sentence.[22]

---

[22]On April 7, 2016, a member of the Court's staff confirmed with the offices of the clerks of court for the Louisiana First Circuit and the Louisiana Supreme Court that Collins has not filed any pleadings in either court related to this conviction and sentence.

The record discloses no good cause for Collins's failure to properly and fully exhaust his claim in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Having found no good cause, this petition should be dismissed without prejudice for failure to exhaust available state court remedies.[23]

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Collins's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 21st day of April, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[23]Petitioner would not be entitled to a stay of these proceedings, should one be requested, because this is <u>not</u> a mixed petition and there has been no showing of good cause to provide that extraordinary relief.  The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  *Rhines*, 544 U.S. at 278.  The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," (emphasis added), and is appropriate <u>only</u> when the court determines that there was "good cause" for the failure to fully exhaust state court remedies on all claims raised.  *Id.*, at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004).   There is no such showing here.

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.